UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| NANCY D. HUFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-cv-00171-TAB-SEB |
| | ) | |
| WALMART STORES, INC., | ) | |
| WESTERN EXPRESS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON WESTERN EXPRESS, INC.'S MOTION TO DISMISS**

### I.   Introduction

The Supreme Court's rulings in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), have seemingly prompted an increase in the volume of motions to dismiss defendants filed.[1]  Under the cover of this high Court precedent, defendants attack complaints as implausible and conclusory, hoping to bring the litigation to an end before it really gets started.  At times, however, these motions are more akin to tilting at windmills than a thoughtful procedural parry.

In the case at hand, Defendant Western Express, Inc. has likewise fallen victim to the allure of an easy way out by filing a motion to dismiss based on *Twombly* and *Iqbal*.  Ultimately, *Twombly* and *Iqbal* ask two questions of the complaint: 1) does it assert a legal conclusion without supporting facts, and 2) is it plausible?  *Iqbal*, 556 U.S. at 678–79 (discussing *Twombly*, 550 U.S. 544).  Western Express does not focus on whether Plaintiff Nancy Huff's amended

---

[1] David Freeman Engstrom, *The Twiqbal Puzzle and Empirical Study of Civil Procedure*, 65 Stan. L. Rev. 1203, 1232–33 (2013) (noting the increase in 12(b)(6) motions filed).

complaint is plausible. Instead, it asserts factual arguments and argues that the complaint is "conclusory and sketchy." [Filing No. 39, at ECF p. 6.] The Court denies Western Express's motion [Filing No. 38] because Huff pleaded sufficient facts in support of her negligence claims to put Western Express on notice, and Western Express's factual arguments are inappropriate for a motion to dismiss.

## II. Background

Huff brings a personal injury suit against Wal-Mart Stores, Inc. and Western Express alleging their negligence caused her to be injured while opening the door on a semi-trailer. Huff alleges she was at a Wal-Mart store to assist a Western Express employee with-over-the road driving and trailer connection. According to Huff, while she was opening the door to Western Express's trailer, it unexpectedly swung open, hitting her in the face and causing extensive injuries. Huff claims the reason the door unexpectedly swung open was that the door was left under tension. Huff asserts negligence claims against both Wal-Mart and Western Express alleging they each had a duty to ensure that the trailer was not left under tension.

## III. Discussion

To state a claim for relief, the pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). By 1981, the Seventh Circuit had established that "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981). Still, Western Express cites *Twombly* and *Iqbal* to argue that the Court should dismiss Huff's claims against it because they are conclusory.[2] In both *Twombly* and *Iqbal*, the

---

[2] In its reply brief, Western Express argues that Huff and Wal-Mart apply the wrong standard because they cite to cases that predate *Twombly* and *Iqbal*. However, the Seventh Circuit has dismissed conclusory complaints well before *Twombly* and *Iqbal*. *E.g. Briscoe*, 663 F.2d 713 at

2

Court began by outlining the elements of the claims that the respective plaintiffs had to prove to successfully prosecute their cases. *Iqbal*, 556 U.S. at 675–77 (citing *Twombly*, 550 U.S. at 553–54). In each case, the Court found that the plaintiffs had attempted to establish their respective claims by merely stating the legal standard they were required to meet. *Iqbal*, 556 U.S. at 680; *Twombly*, 550 U.S. at 565.

The *Twombly* plaintiffs asserted that the defendants "entered into a contract, combination or conspiracy to prevent competitive entry into their . . . markets and ha[d] agreed not to compete with one another." *Twombly*, 550 U.S. at 565. This allegation essentially repeats the standard from § 1 of the Sherman Act, which prohibits "restraints [on competition] effected by a contract, combination, or conspiracy." *Id.* at 553 (quoting *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 775 (1984)). The Court held that without additional facts alleged in support, this bare legal conclusion did not satisfy the Rule 8 pleading standard. *Id.* at 565.

The Court held in *Iqbal* that the plaintiff would have to show that the defendants "acted with discriminatory purpose," i.e. intentionally. *Iqbal*, 556 U.S. at 676. The Court clarified that, in a discrimination-based *Bivens* action, intent means "undertaking a course of action because of, not merely in spite of, [the action's] adverse effects upon an identifiable group." *Id.* at 676–77 (internal quotation marks omitted). The Court rejected Iqbal's pleading that the defendants "'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest." *Id.* at 680. Though the plaintiff did not mirror

---

723. Still, the Court will not decide whether the cases that Huff and Wal-Mart cite were abrogated because, as discussed below, Huff's complaint is not conclusory.

3

the standard as precisely as the plaintiffs in *Twombly*, the Court found that his pleading merely presented the legal standard as if it were a fact. *See Id.*

In addition to relying on *Twombly* and *Iqbal*, Western Express quotes *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2011), which held "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to the defendants of the plaintiff's claim." Western Express does not develop an argument that Huff's claims are implausible, instead arguing Huff's allegations are "conclusory and sketchy." [Filing No. 39, at ECF p. 6.] Even so, the Court does not find it implausible that a trailer's owner would retain control over the trailer while it was parked on another's property.

Western Express argues that Huff's complaint is conclusory because ownership is a legal conclusion and Huff asserts Western Express owns the trailer at issue. The Court struggles to comprehend how this statement resembles the conclusory statements in *Twombly* and *Iqbal*. Huff did not allege "the defendant had a duty, breached that duty, and caused me injury" with nothing more. Ownership is not an element of negligence, so whether it is a legal conclusion is immaterial because it is not the legal standard that Huff must satisfy for her claim to succeed.

Western Express suggests that Huff should have alleged more identifying information. For example, Huff could have alleged that she saw a Western Express logo on the truck. Yet Huff provided plenty of information to put Western Express on notice. She alleged she was helping a specific Western Express employee, on a specific date, in a specific town, at a specific store. [Filing No. 28, at ECF pp. 2–3, ¶¶ 12–14, 19, and 20.] Huff's complaint could have benefited from a few more details tying the trailer to Western Express. But perhaps Huff was too distracted by getting hit in the face with a trailer door to look for a logo. Simply put, Huff has met her pleading burden to advance to discovery, where she can gain additional information

about the trailer at issue. If Western Express has evidence that it does not own the trailer at issue, the proper dispositive motion to file, if any, would be a motion for summary judgment under Rule 56.

Western Express next argues that Huff's amended complaint fails because Huff alleges that both Western Express and Wal-Mart had exclusive control over the trailer. Pleading in the alternative is a common practice, and plaintiffs may allege that multiple defendants had exclusive control. Such pleading is expected when, as here, the plaintiff purports to rely on a *res ipsa loquitur* theory, which would require the defendants—not the plaintiff—to show which of them had exclusive control. Thus, Western Express's argument about control is factual and inappropriate for a Rule 12(b)(6) motion.

Finally, Western Express argues it had no duty to Huff based on Indiana bailment law. Western Express walks a tightrope by not confirming that it owned the trailer while asserting that, if it did, the trailer would have been bailed to a third party. Western asserts that, when an item is bailed, the duty to ensure the item is safe passes with possession. [Filing No. 39, at ECF p. 8 (citing *Cox v. Stoughton Trailers, Inc.*, 837 N.E.2d 1075, 1083 (Ind. App. 2005).] Accepting this as true, Western Express would still have to prove the existence of the bailment relationship. Such a fact-based duty argument is inappropriate for a Rule 12(b)(6) motion and should be brought, if at all, in a Rule 56 motion.

## IV. Conclusion

The Court rejects Western Express's argument that Huff's pleading must be dismissed because it contains a legal conclusion. *Twombly* and *Iqbal* do not require plaintiffs to remove all legal conclusions from their complaint. Rather, the two Supreme Court opinions prohibit plaintiffs from merely asserting the legal standard they have to prove as if it were factual

support. Western Express's other arguments are denied as inappropriately fact-based.

Therefore, the Court denies Western Express's motion. [Filing No. 38.]

Date: 11/15/2017

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: all ECF-registered counsel of record by email.